Curia per
Nott, J.
The plea of nil debet to a bond is certainly irregular, but it is, nevertheless, a substantial plea. It puts in issue the question, whether the defendant owes any thing, and how much, and if the plaintiff chooses to go to trial on such an issue, he must be bound by the result; and we are to presume that the sum found by the verdict was the s.um actually due. But suppose the plea to be a mere nullity. The plaintiff had a right to submit the condition of the bond to the Jury, and the defendant might compel him to do so, (see act of 1792, 2 Brevard, 355,) and that view of the subject will bring us to the same conclusion. The form of the verdict authorizes us to believe, that the sum assessed by the Jury, though small, were the damages really sustained by the plaintiff, or the actual amount which he was entitled to recover. And even if we were to suppose that the error may possibly exist, of which the plaintiff complains, it is his own fault, and it would be attended with the most dangerous consequences to unravel the proceedings of Courts after a lapse of ten years, for a supposed error, which is at most conjectural, and which, if it did not commence with the party complaining, *382 has been acquiesced in by him, .until now. We might commit a still greater error by suffering the matter to be disturbed at this late day. The motion must, therefore, be refused. Motion refused.